IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KRISTIE DIANA HORNSBY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO: 1:03-CV-1668-GET |
| | ) | |
| THREE DOLLAR CAFÉ III, INC. d/b/a THREE DOLLAR CAFÉ, NORMAN DAVIS, KEN HEROCK, KEVIN ELLIS, and RICK SUGARMAN, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court on Defendants' motion to compel; Plaintiff's motion for sanctions; and Plaintiff's motion for reconsideration of this Court's June 24, 2004, order extending the time for filing dispositive motions in the instant case. [Doc. Nos. 67, 68, & 76].  The Court held a hearing on these motions on July 14, 2004.  At the hearing, the Court **ORDERED** as follows:

Defendants' motion to compel [Doc. No. 67] was **GRANTED in part** and **DENIED in part**.  As an initial matter, the Court found Defendants' motion to be timely.  The Court also determined that, while the format of Defendants' motion did not comply with Local Rule 37.1, the problem was rectified by an attachment to Defendants' reply brief. With regard to the merits of Defendants' motion, the Court **GRANTED** the motion as to all interrogatories and document

requests Defendants sought to compel with the exception of the following, which the Court found to be overbroad and will not compel, even though not objected-to on this basis:

    (1)  Ken Herock's Document Request No. 3;

    (2)  Rick Sugarman's Document Request No. 3;

    (3)  Kevin Ellis' Document Request No. 3;

    (4)  Norman Davis' Document Request No. 3;

    (5)  Norman Davis' Document Request No. 4;

    (6)  Three Dollar Cafe's Document Request No. 3;

    (7)  Three Dollar Cafe's Document Request No. 4;

Plaintiff was **ORDERED** to respond to all other interrogatories and document requests, in writing as required by the Federal Rules of Civil Procedure, within twenty (20) days of the hearing. Accordingly, Plaintiff's responses are due on or before August 3, 2004.

Plaintiff's motion for sanctions [Doc. No. 68] was **DENIED**. In her motion, Plaintiff sought to sanction Defendants for failing to produce certain employee files in compliance with this Court's March 17, 2004 order. With regard to the employee files, the Court found that Defendants' certified that such files were lost or destroyed as a result of a flood. Plaintiff produced no evidence that Defendants intentionally destroyed any evidence, and, accordingly,

the Court found that Plaintiff's motion to sanction Defendants for failing to produce these files was without merit.

Plaintiff further sought to sanction Defendants for failing to produce a management agreement between Three Dollar Café and CPI, an outside management corporation. Defendant had certified through counsel that the document could not be found. Furthermore, Defendant was under no Court compulsion to produce the agreement, since Plaintiff's earlier motion to compel production of the agreement was denied in this Court's order of March 24, 2004. The motion for sanctions as to the management agreement, therefore, is without merit.

The Court also **DENIED** Plaintiff's motion for reconsideration of this Court's June 24, 2004, order extending the time for filing dispositive motions in the instant case. [Doc. No. 76]. The Court further extended the time for filing dispositive motions until August 23, 2004-- twenty (20) days from the deadline for Plaintiff to file her responses in accordance with this Court's ruling on Defendants' motion to compel.

Finally, at the conclusion of the hearing the Court addressed the matter of an award of expenses in connection with the motion to compel under Rule 37 (a)(4). The Court indicated that no expenses would be awarded. However, the Court has reconsidered this ruling and finds that an award of expenses in favor of the Defendants to

3

be appropriate.  The record shows that Plaintiff was adamant and obstinate in declining to answer Defendants' interrogatories and document requests.  The document requests were unobjectionable and, essentially, unobjected-to by Plaintiff.  Those "objections" that were interposed were facially without merit, and, indeed, Plaintiff did not oppose the motion to compel on the merits.[1]  Despite Defendants' efforts over a period of months to obtain a response, none was forthcoming.  Plaintiff stonewalled until the day before discovery expired, and thereafter.  Under these circumstances, Defendants are entitled to recover their expenses, including reasonable attorneys fees, incurred in filing the motion. Defendants will be given ten (10) days to file any affidavits or materials in support of attorneys fees and expenses.  Plaintiff may respond within ten (10) days thereafter.

It is **SO ORDERED,** this 15th day of July, 2004.

> S/ *E. Clayton Scofield III*
> E. Clayton Scofield III
> UNITED STATES MAGISTRATE JUDGE

---

[1] Apparently Plaintiff may have provided supplemental responses after the motion to compel was filed.  These responses were not before the Court and are not material to the motion here or the award of sanctions.

4