```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

KRISTIE DIANA HORNSBY,         )
                               )   CIVIL ACTION
          Plaintiff,           )
                               )   NO: 1:03-CV-1668-GET
v.                             )
                               )
THREE DOLLAR CAFÉ III, INC.    )
d/b/a THREE DOLLAR CAFÉ,       )
NORMAN DAVIS, KEN HEROCK,      )
KEVIN ELLIS, and RICK          )
SUGARMAN,                      )
                               )
          Defendants.  _____ )
```

### ORDER

This matter is before the Court on Defendant Three Dollar Café, Inc.'s Motion to Compel Plaintiff's Answers to Post-Judgment Interrogatories. [Doc. 137]. Plaintiff has responded, opposing the motion on procedural and substantive grounds. [Doc. 142]. For the reasons stated herein, the motion to compel is **GRANTED**.

As a preliminary matter, Plaintiff argues that Defendant's motion to compel does not comply with Local Rule 37.1(A) which states that the motion to compel "shall be arranged so that the objection, grounds, authority, and supporting reasons follow the verbatim statement of each specific disclosure, interrogatory, deposition question, request for designation of deponent, or request for inspecting to which an objection is raised." However, the Court notes that Plaintiff has completely failed to

AO 72A
(Rev.8/82)

respond to Defendant's post-judgment discovery requests. Therefore, the Local Rule referred to is inapplicable.

Defendants have satisfied the requirements of Local Rule 37.1 with their declaration that the Plaintiff has not responded to their discovery requests in any fashion, together with their certification setting forth their good faith attempts to resolve this dispute. In fact, Plaintiff does not dispute that she did not respond to the Defendants' post-judgment Interrogatories, but, rather, argues that she was under no obligation to respond. Plaintiff maintains that her motions, if granted, would have rendered Defendants' Interrogatories unenforceable. The Plaintiff does not cite, nor is the Court aware of, any authority supportive of such a position.

By way of background, the imposition of sanctions against Plaintiff's counsel arose from her previous discovery violations which came before the Court on July 14, 2004, on Defendants' motion to compel discovery. At the July 14, 2004, hearing, the Court specifically instructed the Plaintiff to provide more responsive answers to Defendant's Interrogatories within 20 days and she failed to supplement her responses as directed.

On August 3, 2004, Defendants filed an affidavit containing evidence of the expenses incurred in filing the motion to compel. On September 16, 2004, the undersigned ordered judgment to be entered against Plaintiff's counsel for $4,228.25. On October 6, 2004, Defendants served their post-judgment interrogatories and,

in response, Plaintiff filed a motion for protective order on November 8, 2004.  Plaintiff also timely filed her objections to the July 14th and September 16th, 2004, orders, which were overruled by the District Court on December 6, 2004, when the Court denied her motion for protective order.[1]

On December 10, 2004, Plaintiff filed a motion to vacate and/or set aside, motion for reconsideration, motion for a new hearing and a stay pending adjudication of the December order.  In its March 18, 2005 order, the District Court adhered to the ruling set forth in its December order and denied Plaintiff's motion to vacate and set aside.

As to the Defendants' attempts to resolve the instant dispute, on March 7, 2005, Defendants certify that they telephoned Plaintiff seeking her responses to their post-judgment Interrogatories.  Plaintiff was unavailable and did not return their telephone call.  In addition, Defendants sent a follow-up letter regarding the responses and specifically noted that they would file a motion to compel if they had not received her responses by March 24, 2005.  Not only has Plaintiff failed to respond to the Defendants' discovery requests, but she has failed to respond to any of their calls or letters.[2]

---

[1] The District Court also corrected a previous mathematical error by way of its December 1, 2004, order when it reduced the previously awarded attorney fees to $3,264.25.

[2] Parenthetically, the Plaintiff notes that ten days after Defendants received a judgment from the Court for attorney's fees and costs, Defendants obtained a writ of fieri facias from the Clerk

3

Fed. R. Civ. P. 69 provides that "in aid of judgment or execution, the judgment creditor...may obtain discovery from any person...in the manner provided by these rules."  In addition, Rule 26 provides that, "[u]nless otherwise limited by order of the court, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of another party..."  In this case, the information sought by Defendants is relevant to recover on the judgment in their favor.

In addition, Fed. R. Civ. P. 33 provides:

> Interrogatories to Parties.
>
> (b) Answers and Objections. (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

Here, no such enlargement was granted nor requested, and the Plaintiff's responses were overdue well prior to the filing of the Defendants' motion. Plaintiff's obligation to timely respond to the Defendants' Interrogatories was not discharged by virtue of her pending post-judgment motions and she has not set forth any legitimate basis for her failure to respond. Accordingly, Defendants' motion to compel is **GRANTED** and this Court also finds

---

of the District Court in order to garnish three of plaintiff's separate bank accounts. In their responsive brief, Defendants note that the three garnishment actions referenced by Plaintiff failed to provide any proceeds toward satisfaction of the judgment.

that Defendant is entitled to recover its expenses, including attorneys' fees, incurred in prosecuting the motion pursuant to Rule 37(d).  Plaintiff's counsel is **HEREBY ORDERED** to respond to the Defendant's Post-Judgment Interrogatories within ten (10) days of the entry of this order.  Defendant may provide the Court with any affidavits or other materials in support of the amount or reasonableness of attorneys fees within 10 days.

It is **SO ORDERED**, this 1st day of March, 2006.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)