IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KRISTIE DIANA HORNSBY,           )
                                 )      CIVIL ACTION
          Plaintiff,             )
                                 )      NO: 1:03-CV-1668-GET
v.                               )
                                 )
THREE DOLLAR CAFÉ III, INC.      )
d/b/a THREE DOLLAR CAFÉ,         )
NORMAN DAVIS, KEN HEROCK,        )
KEVIN ELLIS, and RICK            )
SUGARMAN,                        )
                                 )
          Defendants. _____)

## O R D E R

This matter is before the Court pursuant to Defendants'
motion for sanctions. [Doc. 90].  On August 16, 2004, Defendants
filed a motion for sanctions due to Plaintiff's alleged discovery
abuses.  Id.  Plaintiff responded [Doc. 98] and Defendants filed
a reply [Doc. 101].  On March 4, 2005, the Court recommended that
"Plaintiff be sanctioned pursuant to Rule 37(b)(2) with an award
of expenses in favor of Defendants." [Doc. 129-1 at 8].
Specifically, the Court recommended that Defendants be awarded
any fees "incurred as a result of Plaintiff's failure to identify
correctly the documents she submitted in response to their
document requests, including any expenses incurred in pursuing
this motion." Id. On June 16, 2005, District Judge Tidwell
adopted the report and recommendation ("R & R"), stating
"[b]ecause the Magistrate Judge's sanctions were merited by the
plaintiff's action and appropriate under Fed. R. Civ. P.
37(b)(2)(B), this court **OVERRULES** plaintiff's objections [Doc.

132], and the Magistrate Judge's R&R [Doc. 129] is **ADOPTED** and **INCORPORATED** as is fully set forth herein." [Doc. 145 at 13].  On July 30, 2004, Defendants timely filed affidavits in support of this award, seeking $8,905.50 in fees incurred pursing the motion for sanctions. [Doc. 146-2 at 6].  Plaintiff has objected to these fees [Doc. 148] and Defendants have responded to these objections. [Doc. 149].

The R & R stating that Defendants' motion for sanctions be granted was adopted by the Judge Tidwell and this Court finds that Defendant has properly documented its expenses; the time and rates are reasonable, as modified below; and the following fees are awarded:

    (1) Michael Cross (36.8 hours at $175/hour)[1]    6440.00

    (2) Alan Briskin (7.7 hours at $230/hour)[2]    1771.00

---

[1] Plaintiff objects to the 5.9 hours spent by Cross on August 4, 2004, because she contends that some of this time was spent on a "leave of absence." [Doc. 148 at 4].  The bill shows that 5.9 hours was spent on research and working the motion for sanctions, and states at the end, "request for leave". See [Doc. 146-2 at 10]. No leave of absence, however, is reflected on the docket and the Court does not find it unreasonable that Cross spent 5.9 on research and working on the motion for sanctions. Accordingly, this objection is **OVERRULED.**  On the other hand, the Court **SUSTAINS** Plaintiff's objection to 2.2 hours spent by Cross with respect to Defendants' motion for clarification regarding the undersigned's R&R, as the district court declined to clarify or reconsider the R & R, finding that "the report speaks for itself." [Doc. 133].

[2] Plaintiff objects to 1.3 hours spent by Briskin on March 4, 2005, reviewing the R & R regarding Defendants' motion for sanctions. [Doc. 148 at 5].  The bill shows that 1.3 hours were spent reviewing the R & R, reviewing the damages issue in a treatise, and having a meeting with Cross on the damages issue. [Doc. 146-3 at 14].  Upon consideration, the Court does not find

2

(3)  Hannah Grossman (5.2 hours at $90/hour)[3]      468.00

(4)  Jennifer Fabbri (1.0 hours at $40/hour)[4]      40.00

Accordingly, attorneys' fees are awarded to the Defendants in the total amount of $8,719.00.


It is **SO ORDERED**, this 21st day of March, 2006.


_S/ E. Clayton Scofield III_
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

---

this entry unreasonable and, therefore, Plaintiff's objection is **OVERRULED.**  On the other hand, the Court declines to award Defendants fees for 0.4 hours spent by Briskin reviewing the motion for clarification.  See [Doc. 146-2 at 5]; See supra n.2.

[3] Plaintiff does not object to any of the time spent by Grossman and the Court finds that the fees incurred by Grossman on the motion for sanctions are reasonable.

[4] Plaintiff objects to allegedly "overlapping" time spent by Cross and Fabbri drafting a letter to the court. [Doc. 148 at 4-5]. On August 5, 2004, Cross spent 4.4 hours completing the motion for sanctions, having an office conference on the motion, and drafting a letter to the clerk and judge. [Doc. 146-2 at 10].  On August 14, 2004, Fabbri spent 1.5 hours preparing copies and reviewing the motion for sanctions, drafting the letter to the court, and copying and sending these documents to the clerk and opposing counsel. [Doc. 146-2 at 6].  Upon review, the Court finds that these entries contain duplicitous entries regarding the letter to the court. Therefore, Plaintiff's objection is **SUSTAINED** and the Court hereby reduces the time spent by Fabbri on the motion for sanctions by 0.5 hours.

3